By the Court. Sandford, J.
The subject of the sale *164 relied upon by the plaintiff, was a quantity of hats in the possession of Kester in Philadelphia, and held by him -for sale and for the repayment of his advances. The contract of sale was made in New York, and its validity depends upon our laws.
There was no note or memorandum of the contract made in writing. The letter delivered by Babcock to Kester, two weeks afterwards, aside from other objections to its effect, did not contain, or profess to contain, a statement of the contract of sale. The entire omission of all written evidence of the alleged sale,when so much form was used on the same occasion in respect of the goods in Babcock’s store, is quite unaccountable; and on another point of the case, would present a serious barrier to a recovery.
No part of the purchase money was paid by the buyer. It is true that the price was to be paid by crediting it on the indebtedness of Babcock. Such was the agreement, but no act was done to carry it out. It was no payment until the application was made. In the other cotemporary sale, the contract was consummated by actually indorsing the price on one of the notes. In this instance no indorsement was made or receipt given. It went no further than the mere contract to pay in that mode ; and so far as the statute is concerned, it no more aids to prove the contract valid, than does the agreement to pay the price, in an ordinary sale, where actual payment is expected.
There is but one other circumstance left, which could relieve this contract from the operation of the statute of frauds. Did the buyer accept and receive a part of the goods sold, or the evidences, or some of them, of Babcock’s claim for the surplus after paying Kester? It is not claimed that the plaintiff ever actually received any of the goods, or any such evidences of Babcock’s right; but it is contended that there was a sufficient constructive delivery to the plaintiff.
The letter of Theodore Clark, (the plaintiff’s agent in the affair,) to Kester, on the day of the sale, is relied upon. But that is wholly insufficient. It was merely a belief of his that he wrote such a letter, while Kester’s testimony is very decided that he did not. It does not appear what the supposed letter con *165 tained, or that it stated anything respecting the sale. And finally, if it were written and were ever so explicit on that point, it would not support the sale, because the seller did not join in it. An act of delivery, must of necessity, proceed from the seller. The buyer can only accept it and receive the property.
The letter of Babcock to Kester, written in Philadelphia, two weeks after the bargain was made, is the only ground remaining, to sustain a constructive delivery. As to this, it came too late. In order to make such an act a constructive delivery, it should be concurrent with the bargain. Not perhaps at the same moment of time, but substantially at the same time and as a part of the same transaction. This agreement is claimed to have been made on the 3d of April, and to have been valid when made. An act of delivery on the 17th of April, is too far removed to give force to a bargain, otherwise invalid, on the third.
Independent of this objection, there is a further difficulty which cannot be obviated. The buyer was not present or represented in the alleged delivery. The buyer must accept and receive the property, or the attempted delivery is unavailing. It may be said Babcock was the agent of the plaintiff at that time ; but if he were, he could not in this delivery act in his own behalf as seller, and at the same time act as the buyer’s agent to accept and receive the property sold. It will hardly be contended, that he could sell his goods to the plaintiff, by an agreement made by himself as seller, with himself as the plaintiff’s agent. Yet the delivery and acceptance by the letter of April 17th, is equally objectionable. Kester cannot in any sense, be deemed the agent of the plaintiff, to accept and receive the property sold. The authorities cited by the plaintiff, do not sustain his positions, and one of them, Carter v. Willard, 19 Pick. 1, decides that if there had been a bill of parcels made and delivered by Babcock to the plaintiff on the 3d of April, the sale would not have been valid, without giving notice to Kester.
The cases in our courts are numerous, hut it is needless to cite them at large. The last in point of time, Schindler v. *166 Houston, (1 Comstock’s R. 261,) is in our highest court, and is conclusive against the plaintiff.
We are perfectly clear, that the alleged sale of the property in question was void by the statute of frauds. The case proves the wisdom of the statute. Babcock had no invoices of the property and scarcely the materials for making one. He had no account of the sales made by Kester, either as to the articles sold or the price. No price was fixed between him and the plaintiff; none could be fixed, upon the information they possessed. It was all indefinite and uncertain, and left open upon parol evidence, to be moulded or applied, as subsequent emergencies, or the fallible recollection of the parties, might direct.
Our conclusion on the first question presented, relieves us from passing upon the other points made at the trial, neither of which appears to be free from difficulty.
Motion to set aside non-suit denied.